Joshua B. Cooley, Esquire
Ehrhardt, Elsner, and Cooley
215 Fidalgo Ave., Suite 201
Kenai, Alaska 99501
Phone: (907) 283-2876
Fax: (907) 283-2896
Email: josh@907legal.com
Attorneys for Charlotte & Thomas Baker

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| CHARLOTTE M. BAKER; and | ) |
| | ) |
| THOMAS J. BAKER, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| SAFEWAY, INC. | ) |
| | ) |
| Defendant. | ) Case No. |
| | ) |

## COMPLAINT

COMES NOW Plaintiffs, CHARLOTTE BAKER and THOMAS BAKER, by and through undersigned counsel, Joshua Cooley, Ehrhardt, Elsner, and Cooley, and for their causes of action file this Complaint against Defendant, Safeway, Inc., and allege on information and belief:

1

COMPLAINT
*Charlotte Baker and Thomas Baker v. Safeway, Inc.,*

## NATURE OF THE CASE

1. This is an action for damages arising from personal injury, negligence, and negligent infliction of emotional distress. On November 22, 2017, Thomas Baker (hereinafter, "Tom") and Charlotte Baker (hereinafter, "Charlotte") were shopping together at the Soldotna Safeway, Inc. grocery store (hereinafter "Safeway"). Mrs. Baker utilized a Mart Cart brand electronic motorized shopping cart (hereinafter, "Mart Cart") provided by Safeway so that she could: access Safeway from her vehicle, conduct her shopping in Safeway, and then return to her vehicle. Tom assisted Charlotte by retrieving the Mart Cart, and he accompanied Charlotte on foot while the two shopped. After finishing their shopping, Tom and Charlotte exited Safeway and proceeded to their vehicle which was parked in the disabled parking space immediately adjacent to a ramp leading from the apron of the store to the Safeway parking lot. Prior to reaching the parking lot, the Mart Cart Charlotte was riding on suddenly rolled over. Charlotte was thrown to the concrete while Tom watched, horrified, by her side. Charlotte suffered grave injuries to both her shoulder and arm from which she still suffers today, while Tom suffered severe emotional distress.

2. Plaintiff Charlotte Baker was and is a resident of the Third Judicial District, residing in Soldotna, Alaska.

3. Plaintiff Thomas Baker was and is a resident of the Third Judicial District, residing in Soldotna, Alaska.

4.  All of the events which are the subject of this Complaint occurred within the premises of the Safeway, Inc., grocery store and parking lot ("Safeway Premises"), both owned by Safeway, Inc., and located at 44428 Sterling Hwy., Soldotna, Alaska 99669 in the Third Judicial District.

5.  Defendant Safeway, Inc., is a Delaware corporation, doing business in the State of Alaska.

## JURISDICTION AND VENUE

6.  This action is brought under the Court's diversity jurisdiction pursuant to 28 U.S.C § 1332. Damages exceed $100,000.00, exclusive of interest and costs, and the controversy is between citizens of different states.

7.  Venue is proper in Anchorage, Alaska as the court location is the most proximate to the location where the damages were sustained.

## FACTS GIVING RISE TO CAUSES OF ACTION

8.  Plaintiffs re-allege and incorporate by reference paragraphs 1 through 8 as if fully set forth herein, and further state as follows:

9.  On November 22, 2017 Tom was a patron of the Safeway Premises.

10. On November 22, 2017 Charlotte was a patron of the Safeway Premises.

11. On November 22, 2017, Tom drove Charlotte to the Safeway Premises for the purpose of shopping.

12. Upon arrival at the Safeway Premises, Tom parked the couple's vehicle immediately adjacent to the wheelchair access ramp in a parking space designated for disabled patrons.

13. Tom entered the foyer of the Safeway and retrieved a Mart Cart shopping cart so Charlotte could access Safeway to shop.

14. Tom brought the Mart Cart to the couple's vehicle so that Charlotte could use the Mart Cart to access Safeway.

15. Charlotte rode the cart directly from her parked vehicle, up the wheelchair ramp, through Safeway foyer, and into the grocery portion of Safeway.

16. After completing their purchases, Charlotte drove the Mart Cart, with Tom in close proximity, back to their vehicle parked in the Safeway Premises.

17. As Charlotte proceeded down the wheelchair ramp, the Mart Cart suddenly encountered an impediment on the ramp, rolled over, and threw Charlotte to the ground.

18. Tom, standing in close proximity to Charlotte, watched helplessly as Charlotte was thrown to the ground.

19. Charlotte suffered grave damages to her arm and shoulder as a direct and proximate result of being thrown to the ground.

20. Charlotte's broken arm was visibly broken and bulging against her skin.

21. Afraid to encourage any further damage by movement, Charlotte remained on the concrete apron of the Safeway Premises until emergency personnel arrived to assist her.

22. Tom, also afraid to further hurt Charlotte, could only stand-by while Charlotte writhed in agony on the concrete apron.

23. As a direct and proximate result of being thrown to the concrete, Charlotte suffered a proximal humerus fracture and extensive damage to her shoulder, requiring surgery, hospitalization, in-patient therapy, and extensive aftercare to be proven with more specificity at trial.

24. As a direct and proximate result of being thrown to the concrete, Charlotte suffered permanent disfigurement in a manner to be proven with greater specificity at trial.

25. As a direct and proximate result of being thrown to the concrete, Charlotte suffered emotional distress.

26. As a direct and proximate result of witnessing the accident and significant injuries sustained by Charlotte, Tom suffered contemporaneous shock as a result of the sudden observation of Charlotte's serious injuries and resultant severe emotional distress.

## FIRST CAUSE OF ACTION

### Negligence

27. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 26 as if fully set forth herein, and further state, on information and belief, as follows:

28. That Safeway, Inc., as the owner and operator of the Safeway Premises, had a duty to patrons to exercise reasonable care in the maintenance and management of the Safeway Premises.

29. That Safeway, Inc. as the owner and operator of the Safeway Premises, had a duty to make patrons aware of dangerous conditions thereon.

30. That Safeway, Inc., was negligent in that they failed to

   a. adequately clear obstacles from the wheelchair ramp located adjacent to the disabled parking space and the apron extending from Safeway to the parking lot.

   b. adequately maintain the wheelchair ramp located adjacent to the disabled parking space and the apron extending from Safeway to the parking lot, and to ensure that the transition from the concrete ramp to the asphalt parking lot was safe for patrons.

   c. adequately warn patrons of dangerous conditions on the Safeway Premises.

        d.       remove impediments to travel from the area, including but not limited to that portion of the ramp extending from the apron of the Safeway to the asphalt parking lot.;

        e.       take additional steps to make the area safe;

        f.       adequately inspect, maintain, and clear the area;

        g.       properly block, barricade, or limit the use of the area until such time as the impediment could be removed;

        i.       hire competent individuals to properly inspect and supervise the Safeway Premises;

        j.       to properly train and supervise employees and/or agents in the proper method of safely maintaining the Safeway Premises.

31.    That despite her own due care and caution, Charlotte encountered an impediment to travel and the Mart Cart rolled over and crashed as a result.

32.    That in the absence of preventative measures, maintenance, and reasonable warnings, the accident and injuries suffered by Charlotte were foreseeable by Safeway, Inc., and preventable through the exercise of due care.

33.    That the breach of duty was negligent and a substantial factor in causing the injuries, harms, and losses set forth more fully herein and to be proven at trial.

34.    That as a direct and proximate result of Safeway, Inc.'s negligence, Charlotte sustained losses and harms within the jurisdictional limits of this court,

7

COMPLAINT
*Charlotte Baker and Thomas Baker v. Safeway, Inc.,*

Case 3:19-cv-00297-HRH   Document 1   Filed 11/20/19   Page 7 of 12

including physical injury; emotional injury; past and future economic losses; permanent disfigurement; past and future medical expenses, plus general damages for loss of quality of life, pain and suffering, emotional distress and anxiety, and all other related injuries to proven with greater specificity at trial.

## SECOND CAUSE OF ACTION

### Negligence

35. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 34 as if fully set forth herein, and further state, on information and belief, as follows:

36. That Safeway, Inc., as the owner and operator of the Safeway Premises, had a duty to patrons to exercise reasonable care in the maintenance, management, and supervision of the Mart Carts they provided to the stores disabled patrons and to others.

37. That disabled patrons are among Safeway's most vulnerable patrons.

38. That Safeway is desirous of providing the disabled with safe access to Safeway stores.

39. That Safeway, Inc. as the owner and operator of the Safeway Premises, had a duty to make patrons aware of dangerous conditions presented by the Mart Carts Safeway, Inc. provided to the stores disabled patrons and others.

40. That Safeway, Inc., was negligent in that they failed to

a. exercise due care in the inspection of the Mart Carts provided for patron use;

b. exercise due care in the maintenance of the Mart Carts provided for patron use;

c. exercise due care in the repair of the Mart Carts provided for patron use;

d. exercise due care in the replacement of the Mart Carts provided for patron use;

e. exercise due care in the supervision of employees/agents/contractors tasked with ensuring that the Mart Carts provided for patron use were: safe to operate, inspected, maintained, repaired, and replaced, and otherwise in compliance with standards established by the Mart Cart manufacturer and/or distributor;

f. exercise due care to ensure that the Mart Carts provided for patron use were operated in a manner consistent with standards established by the Mart Cart manufacturer and/or distributor;

41. That despite her own due care and caution, Charlotte rolled over and crashed in the Mart Cart provided by Safeway Inc., as a direct and proximate result of Safeway's failure to exercise due care in their provision of the Mart Cart to Charlotte.

42. That the accident and injuries suffered by Charlotte's use of the Mart Cart were foreseeable by Safeway, Inc. and preventable through the exercise of due care.

43. That the breach of that duty was negligent and a substantial factor in causing the injuries, harms, and losses to Charlotte set forth more fully herein and to be proven at trial.

44. That as a direct and proximate result of Safeway, Inc.'s negligent provision of the Mart Cart to Charlotte, Charlotte sustained injuries requiring extensive medical care.

45. That as a direct and proximate result of Safeway, Inc.'s negligence, Charlotte sustained losses and harms within the jurisdictional limits of this court, including physical injury; emotional injury; past and future economic losses; permanent disfigurement; past and future medical expenses, plus general damages for loss of quality of life, pain and suffering, emotional distress and anxiety, and all other related injuries to proven with greater specificity at trial.

## THIRD CAUSE OF ACTION

### Negligent Infliction of Emotional Distress

46. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 45 as if fully set forth herein, and further state, on information and belief, as follows:

47. That Safeway, Inc., as the owner and operator of the Safeway Premises, owed Charlotte the exercise of reasonable care, failed to exercise that reasonable care, caused Charlotte's accident and injuries by their negligence, and that negligence caused Charlotte to sustain significant damages as described in this Complaint.

48. That Tom is the husband of Charlotte and cares for her deeply.

49. That Tom contemporaneously witnessed the accident and aftermath, and experienced shock as a result of the sudden sensory observation of Charlotte's serious injuries.

50. That as a result of this contemporaneous observation and the appreciation of the significance of the injuries to Charlotte, Tom suffered severe emotional distress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Thomas Baker and Charlotte Baker request that judgment be entered against the Defendant Safeway, Inc., as follows:

1. General damages within the jurisdictional limits of this Court and according to proof at the time of trial;

2. Special damages within the jurisdictional limits of this Court and according to proof at the time of trial;

3. For pre-judgment and post-judgment interest as provided by law;

4. For attorneys' fees and costs as provided by law; and

11

COMPLAINT
*Charlotte Baker and Thomas Baker v. Safeway, Inc.,*

Case 3:19-cv-00297-HRH   Document 1   Filed 11/20/19   Page 11 of 12

5. For such other and further relief as the court may deem just and equitable.

DATED: Wednesday, November 20, 2019.

Joshua B. Cooley
Ehrhardt, Elsner, and Cooley
Attorney for: Charlotte Baker & Thomas Baker

By: _____
Joshua B. Cooley, 1409065

COMPLAINT
*Charlotte Baker and Thomas Baker v. Safeway, Inc.,*